UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-238-JBC

JAMES A. BLEVINS,                                                                                    PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

MICHAEL ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION,                                            DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on James A. Blevins's appeal of the Commissioner's denial of the application of his late wife, Robin C. Blevins, for Disability Insurance Benefits ("DIB") (R. 9, 10). The court will grant the Commissioner's motion and deny James's motion because substantial evidence supports the administrative decision.

At the time of the alleged disability onset date, Robin Blevins was a 48-year-old female with a GED. AR 131, 140. Prior to the alleged disability, she worked in various retail and manufacturing positions, most recently as an injection molder. AR 19, 122-124. She alleged disability beginning on January 25, 2007, due to bipolar disorder, hepatitis C, gallstones, memory lapses, fatigue, high cholesterol, cirrhosis of the liver, headaches, and joint pain. AR 136. Blevins filed her claim for DIB on October 9, 2007. AR 11. It was denied initially on April 3, 2008, and upon reconsideration on June 18, 2008. *Id*. After a hearing on January 27, 2010, Administrative Law Judge Roger L. Reynolds determined that Blevins was not

under a disability within the meaning of the Social Security Act. AR 12. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Servs.*, 14 F. 3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Blevins had not engaged in substantial gainful activity since January 25, 2007, the alleged onset date (AR 13); that she had severe impairments of bipolar disorder, generalized anxiety disorder, alcohol dependency (allegedly in remission), multiple arthralgias, hepatitis C, alcoholic cirrhosis of the liver, a skull fracture caused by a motor vehicle accident in 1973, borderline intellectual functioning, chronic low back pain of uncertain etiology, and hypothyroidism (*id.*); that her impairments, singly or in combination, did not meet or equal any listing in the Listing of Impairments (AR 14); based on his residual functional capacity ("RFC") determination, that Blevins was capable of performing past relevant work as a basket maker and an injection molder (AR 19); and, although she was not disabled, that other jobs exist in sufficient numbers in the national economy that Blevins could perform (AR 20). The ALJ thus denied Blevins's claim for DIB on March 16, 2010. AR 21. The Appeals Council denied Blevins's request for review on May 27, 2011. AR 1-6.

Blevins died on June 5, 2011, and her husband James commenced this action as her widower. He challenges the ALJ's decision on the following grounds: (1) the ALJ gave inappropriate weight to the treating psychiatrist's opinion and gave inadequate reasons for rejecting that opinion; (2) the ALJ failed to consider

2

Blevins's conditions in combination; and (3) the ALJ improperly considered Blevins's ability to maintain work.

The ALJ properly considered the opinion of Dr. Michael Dibiase, Blevins's treating psychiatrist, and his rejection of Dibiase's conclusions is supported by substantial evidence. Such an opinion must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in the case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. 404.1527(d)(2). In this case, however, the ALJ properly discredited Dibiase's opinion regarding Blevins's ability to work because it was inconsistent with his own assessment and the other medical evidence in the record.

In his report, Dibiase indicated that Blevins had extreme functional limitations in the four areas deemed essential for work without properly explaining the basis for those indications. AR 14, 500-503. He also reported that Blevins had poor or no ability to understand, remember and carry out short and simple instructions; maintain attention for two-hour segments; get along with others; and respond appropriately to routine work changes. *Id*. However, in the same report, he noted that she responded well to therapeutic treatment and was able to stabilize her symptoms using medication. *Id*. Dibiase failed to explain this apparent contradiction, and the ALJ properly accounted for this in determining the amount of weight to give to Dibiase's determination.

3

Dibiase also ignored Blevins's alcohol abuse. Such abuse was indicated by Dr. Mark Weis, Blevins's treating physician; consultative examiner Dr. Harwell Smith; and Dibiase himself. AR 18. The ALJ noted that Dibiase did not account for the effects of alcohol in his evaluation of Blevins's mental capacity, and properly considered this inconsistency in evaluating Dibiase's medical opinion. AR 18, 500-508.

Dibiase's opinion is also contradicted by the other medical evidence in the record. Blevins's treating physician, Dr. Mark Weis, indicated on June 18, 2007, that her symptoms of bipolar disorder were mild on medication. Eight months later he noted that Blevins told him she was doing very well and denied having depressive symptoms or side effects. AR 18. Dr. Stanley Sizemore, who treated Blevins from July 2009 to January 2010, also noted that her bipolar disorder was stable. AR 538. The reports of the state agency reviewing physicians, Drs. Bruening and Sillers, are consistent with the ALJ's RFC. AR 455-56, 487-88. Though Dr. Smith's consultative examination and conclusions regarding Blevins's mental capacity lend some support to Dibiase's conclusions, Smith notes that Blevins was apparently intoxicated during the interview; the ALJ took this into account. AR 18. The ALJ also considered Blevins's own testimony in evaluating her mental RFC, but found that her statements regarding the intensity, persistence, and limiting effects of her symptoms were not credible because they were inconsistent and because she was not forthcoming regarding the amount of alcohol she continued to drink. AR 17. Because Dibiase's conclusions were inconsistent

4

with the medical evidence of record, the ALJ gave appropriate weight to Dibiase's opinion and the ALJ's decision regarding the credibility of that opinion is supported by substantial evidence.

The ALJ also properly considered Blevins's conditions in combination. The plaintiff has not explained how the ALJ's determination was insufficient, merely that "[i]t is clear from the medical evidence within the records that [Blevins was] severely impaired from [her] mental and physical difficulties." R. 9-1 at 4. Throughout his opinion, however, the ALJ refers to her impairments in the plural form. AR 13-15, 19. He describes several impairments and states that they do not, singly or in combination, meet any of the listed Impairments. AR 14-16. The ALJ need not explicitly state after describing each impairment individually that he also considered them in combination; this is implied by the ALJ's consideration of the record as a whole. *See Loy v. Sec'y of HHS*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ properly considered Blevins's conditions in combination.

Finally, the ALJ properly considered whether Blevins possessed the ability to hold a job not just on a temporary basis but for a significant period of time. The ALJ is not required to make separate findings regarding a claimant's ability to maintain work, because "implicit in the RFC assigned to [Blevins] by the ALJ is a finding that [she] is capable of maintaining employment." *Garland v. Astrue*, No 07-181-DLB, 2008 WL 2397566, at *6 (E.D.Ky. Jun. 10, 2008). This court has repeatedly rejected the imposition of a separate durational findings requirement based on *Gatliff v. Comm'r of SSA*, 172. F.3d 690 (9th Cir. 1999), particularly

5

where, as here, it is argued for in a conclusory manner without citation to specific medical evidence in the record that might support such a finding. *See, e.g., Dunn v. Astrue*, No. 5:10-312-DCR, 2011 WL 1630287, at *4 (E.D.Ky. Apr. 29, 2011). Substantial evidence supports the ALJ's RFC determination regarding Blevins's ability to obtain and maintain work.

The ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence. Accordingly,

**IT IS ORDERED** that James Blevins's motion (R. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R. 10) is **GRANTED**.

A separate judgment will issue.

Signed on May 17, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY